## SHOFNER et ux. v. STATE.
## No. 2630.

Court of Civil Appeals of Texas. Eastland.

Jan. 9, 1948.

Rehearing Denied Jan. 23, 1948.

Smith, Eplen & Bickley, of Abilene, and Randall C. Jackson, of Baird, for appellants.

F. E. Mitchell, County Attorney, of Baird, for appellee.

GRAY, Justice.

This is an appeal from the County Court of Callahan County, Texas, in a condemnation case growing out of the relocation of U. S. Highway No. 80, near the town of Clyde in said county.

Appellants owned and occupied as their homestead a tract of seven acres of land, well improved and well located, mostly in a high state of cultivation and with two irrigation systems, one for flooding and the other a sprinkler system. The part not cultivated was covered by a heavy turf of bermuda grass and was used as a cow pasture. The principal crop grown on the cultivated part was radishes for which they had a ready and lucrative market at Abilene, their product selling for 15 cents per dozen bunches more than was paid for radishes from other sources. For this crop, the sprinkler system of irrigation was used and the plantings were so timed as to provide a continuous supply for the market for about nine months of the year, and their entire output was taken by a wholesale produce house in said city of Abilene. Other parts of the cultivated land were planted to okra and other produce.

The part devoted to radishes was well to the north of an east-west center line of the entire seven acre tract, and roughly comprised the middle part of the north

half, the northwest and northeast portions of the north half not being cultivated. The house and barn were likewise located on the north half, while a well furnishing water for the irrigation, with pump and brick reservoir, were slightly northwest from the center of the tract. The entire sprinkler system was north of said center line. The new right-of-way line intersected the seven acre tract at its north-west corner, curving slightly to the south, taking a large part of the sprinkler system and radish area, and leaving a triangular strip along the north line with its apex at the northwest corner of the tract and its base on the east line of the tract. The condemned part amounted to one and a third acre.

It was agreed that the antecedent condemnation proceedings were regular, the appeal to the county court being based on the alleged insufficiency of the award, which was in the total sum of $500. The county attorney, acting for appellee, further admitted that said award was the true value of the 1⅓ acres so condemned. Without detailing some alternative counts, plaintiffs sued for $500 for the land taken, $377 for expense of removing and reinstalling the sprinkler system, $918.75 for loss of profits on the radish crop during the remainder of 1947, $350 for reclaiming and putting in a proper state of cultivation for the growth of radishes enough land to equal the amount condemned, and $1,002 for diminished value of the land not taken. In reply, appellee pleaded that appellants' demands were excessive and that the award of the Special Commissioners was just, reasonable and sufficient. At the conclusion of appellants' evidence, appellee having offered no evidence, appellants filed their motion for an instructed verdict, which was overruled, as was likewise the objections to the charge, and after refusal to give certain requested special issues, the case was submitted on three issues:

1. What was the present market value of the 1⅓ acres condemned considered as severed land and excluding the sprinkler system? The jury answered $500.

2. How much, if any, will the remaining 5⅔ acres be diminished in market value by reason of the taking of said 1⅓ acres? The jury answered $500.

3. What amount of money, if any, will compensate defendants (appellants) for expense of removing and relocating said sprinkler system to the remaining tract of land? Answer, $250.

Appellants then moved for verdict non obstante veredicto, which was overruled. Whereupon, the State moved to strike the answer to the second special issue, which was granted and judgment rendered for appellants for $750. To which, appellants excepted and gave notice of appeal to this court.

■ In their brief, appellants agree to accept and be bound by the findings of the jury. They vigorously assail the action of the trial court in striking the jury finding that by reason of the taking of the 1⅓ acres, the remaining portion of the land was diminished in value $500. We think the trial court erred in doing so. On cross-examination, appellant W. C. Shofner admitted that he could still produce on the remaining tract what he had produced on the land taken. But his testimony clearly showed that he could not bring the new land to the high degree of productivity of the land taken. The new land was covered by a heavy turf of bermuda grass which would require work of many months to eradicate. It would have to be fertilized at a heavy expense. Even then it could not be made to produce as much as the land taken because underneath the grass was a "blowing" sand. We construe his testimony to mean that he could produce some radishes and other produce from it, but in diminished quantities and at a much greater expense due to the fact that it would be much farther from the well, pump and barn where the truck was prepared for market. He abandoned none of his contentions as to his damages. There were other facts in evidence showing a diminished value of the part not taken. Mr. Shofner testified that the present market value of the entire seven acre tract to be $6,500 and that he had been offered that sum for it. But that with said 1⅓ acres severed, the market value of the part not taken would be about $5,000. This testimony was not controverted, but could easily have been controverted had the true facts been otherwise. Furthermore, as pointed

out above, the relocated highway leaves a triangular strip across the north side of the land not taken. This strip is completely detached from the other part and will be accessible only by crossing said highway, which is known as a very busy and dangerous thoroughfare. The said triangular strip would have little value. Not only is the remaining portion cut into two tracts, but the highway is brought to within a short distance of the residence, which would affect its value adversely. Appellants would no longer have a grass plot for their cow. It was further in evidence that the remaining 5⅔ acres would have a decreased market value for the reason that a prospective truck grower would want and require more land than appellants had left. It would also have a diminished value to appellants, because this tract constituted their homestead, was their only property and their only source of income.

The judgment of the trial court will be reformed so as to restore said stricken item of damage to land not taken, and to decree a recovery by appellants of the total sum of $1,250 in conformity to the findings of the jury.

The judgment of the trial court is reformed, and as reformed, is affirmed.